UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JORGE AGUIRRE,                          :
                                         :
        Petitioner,                     :
                                         :
v.                                       :    Civil Action No. 07-0267 (JR)
                                         :
ALBERTO GONZALES *et al.*,               :
                                         :
        Respondents.                    :

## MEMORANDUM

Petitioner challenges his conviction entered by the United States District Court for the District of New Mexico on the bases that the sentencing court lacked subject matter jurisdiction and he received ineffective assistance of counsel. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241, but his claim must be pursued in the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (§ 2255 motion is the proper vehicle for challenging the constitutionality of the statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Under that statute,

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petition presents no basis for finding petitioner's § 2255 remedy inadequate or ineffective. A separate order of dismissal accompanies this Memorandum.

JAMES ROBERTSON
United States District Judge